from Jones, as authorized him to make this purchase in the face of the notice found by the master to have been given him by Mrs. Pierce not to purchase.

" All the exceptions filed on behalf of Schoonover are therefore overruled."

The court entered a decree for a conveyance and defendant appealed.

*Errors assigned*, thirteen in number, raised as stated, in the argument of appellant, the single question: "Should the appellant, Orrin L. Schoonover, have been credited with the sum of $4,000 paid by him to O. Perry Jones, Dec. 9th, 1885, for the title to the opera house under the sheriff's sale of that property as the property of Dr. J. H. Pierce, made Feb. 28th, 1885?"

*J. W. Gephart, John H. Orvis, C. M. Bower* and *Ellis L. Orvis* with him, for appellants.

*C. S. McCormick, William Bryson* and *John G. Love* with him, for appellee.

PER CURIAM, May 2, 1892:

This case has been so well discussed by the learned judge of the court below, that it is not required we should add anything to what he has so well said.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.


## Lehigh Valley Coal Co. v. Ward, et al.

*Ejectment—Evidence—Lost deed.*

Where secondary evidence of a lost deed is offered and received without being objected to on the ground that the loss of the deed had not been shown, objection on this ground cannot afterwards be taken to the evidence or the charge of the court based thereon.

Argued April 21, 1892.   Appeal, No. 319, Jan. T., 1892, by defendants, Patrick Ward, Sr., and Patrick Ward, Jr., from judgment of C. P. Centre Co., Nov. T., 1888, No. 258, on verdict for plaintiff.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Ejectment for tract of land known as the Peter Hall tract.

By the opinion of the court below by FURST, P. J., refusing a new trial, it appeared that on the trial before him, the record of the assessment of the land on the unseated list for taxes for several years prior to 1872 and a sale thereof in 1872 by the county treasurer, was offered and received in evidence; and the other evidence indicated in the charge of the court was also offered as evidence of the deed to Edmund Blanchard, which counsel stated was lost. No specific objection was made to the reception of this secondary evidence. The treasurer of the county having stated that he had not any recollection outside of what the books showed, about Mr. Blanchard paying the money and the delivery of the deed to him, counsel for the defendant objected to the testimony; whereupon, in response to a question by counsel for plaintiff, the witness testified that he acknowledged no deeds, unless the taxes were paid, except to the county. At the conclusion of the treasurer's testimony, defendants' counsel objected, on the ground that the oral testimony of the witness did not show anything different from what the books themselves contained. The objection was overruled and an exception noted.

The defendants offered no evidence; and the court directed a verdict in favor of the plaintiff, for the land described in the writ; charging in part as follows:

[ " It is shown that the Peter Hall tract was assessed on the unseated list for taxes for the years 1868, 1869, 1870 and 1871; that the taxes were not paid; and that, on the 30th of July, 1872, this tract was sold at treasurer's sale by James F. Weaver, the treasurer of the county at that time. The record books appear to indicate, without explanation, that the sale was to the county; but above the words " Sold to the County " are the words " Deed to E. B." It is shown in this case that E. B. is Edmund Blanchard, a person connected with the previous title in the case, as to a portion of the tract.] [2]    The acknowledgment of the deed, as required by the act of assembly, was shown in evidence; and [ the deed, as appears by the record in the common pleas, was made to Edmund Blanchard. This deed appears to be lost. The treasurer is called and testifies that the deed was delivered to Blanchard upon receipt of the purchase money; otherwise he would not have acknowledged it to Mr. Blanchard.] [3]    By subsequent conveyance

the title to the Peter Hall tract became vested in the Snow-shoe Coal Company and through several conveyances it became vested in the Lehigh Valley Coal Company, the plaintiff in this action.

[ " We are compelled to say to you, in the absence of any evidence explaining the entrance of the defendants, that this is a good title, upon which the plaintiff is entitled to recover; and we therefore direct a verdict for the plaintiff for the land described in the writ."] [4]

*Errors assigned* were (1) admitting as evidence the extracts of treasurer's sale book, record of acknowledgment of treasurer's deed in court of common pleas and the testimony of the treasurer in connection therewith, quoting them; (2–4) the portions of the charge as above, in brackets, quoting them.

*John G. Love, Spangler & Hewes* with him, for appellants.

*John H. Orvis, C. M. Bower* and *Ellis L. Orvis,* not heard, for appellee.

PER CURIAM, May 2, 1892:
Judgment affirmed.


# Pennsylvania and Northwestern Railroad Company *v.* Harkins, et al., Appellants.

*Surety—Railroads—Consolidation of—Act of May* 16, 1861.
Where one railroad company which had leased another took a bond with sureties, from one of its employees; and, subsequently, the two railroads were consolidated under the act of May 16, 1861, and, under a new name, the same business was continued; *held,* that the sureties were liable for the employee's defalcation after the merger of the two companies.

*Practice—Legal plaintiff—Trial on merits—Amendment.*
In such case the suit against the sureties having been brought in the name of the new company, after trial on the merits it is immaterial whether the suit was properly so brought or not; if the suit should have been in the name of the original obligee to the use of the new company, the defect could be cured by amendment.

Argued April 22, 1892.    Appeal, No. 153, Jan. T., 1892, by defendants F. M. Harkins et al., from judgment of C. P. Clearfield Co., May T., 1891, No. 35, on verdict for plaintiff.    Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.